*FILE*

**Qasemi, Azizullah**
**821 Gunter Street**
**Austin, TX 78702**
**(512) 385-5571**

**Date: November 6, 2024**
**A# 244 520 564**

You have been released from service custody pending a final decision in your exclusion/deportation hearing. It is understood that you will be residing at the above address. The law requires you notify the Immigration Judge (at the address shown below) of any address correction or address change. When doing so, be sure to include your name and the File Number shown above in your written communication. The attached form, EOIR-33 can be used for this purpose.

Office of the Immigration Judge
2409 La Brucherie Road
Imperial, CA 92251

**\*\*YOU HAVE A MASTER HEARING PENDING BEFORE THE IMMIGRATION COURT\*\***

**Please call 1-800-898-7180 to obtain a court date**

Report in Person on: **November 12, 2024 at 1000 hours**

**3523 Crosspoint Dr.**
**San Antonio, TX 78217**
**(210) 564-3300**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

Date:  11/6/2024
In Reference to:  A # 244 520 564

## INTERIM NOTICE AUTHORIZING PAROLE

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided to parole you from its custody pursuant to its authority under section 212(d)(5)(A) of the Immigration and Nationality Act. This notice is being issued to you in lieu of Form I-94, *Arrival-Departure Record, see* 8 C.F.R. § 235.1(h)(2), and you should maintain a copy of this letter in your possession at all times.

Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion. ICE may also terminate parole on notice prior to the automatic termination date. Parole is entirely within the discretion of ICE and can be terminated at any time and for any reason. Your parole is not valid for work authorization and is not an admission in lawful status.

Parole is conditioned on you complying with the terms and conditions of your release. You must notify ICE and the immigration judge of any address correction or address change. You must report for every scheduled hearing before the immigration court and every appointment as directed by ICE (including for removal from the United States should you become subject to a final removal order). You must not violate any local, State or Federal laws or ordinances. You must comply with any other specified conditions if identified separately.

I certify that I received a copy of this notice.

| | | |
|---|---|---|
| Qasemi, Azizullah | X | 11/6/2024 |
| Noncitizen Name | Noncitizen Signature | Date |

---

### CERTIFICATE OF SERVICE

I certify that on today's date, I served the respondent a copy of this parole notice by the following method (as checked):

☑ In person ☐ Other: _____

| | | |
|---|---|---|
| C. Yoder | | 11/6/2024 |
| ICE Official Name | ICE Official Signature | Date |

U.S. Department of Homeland Security
1564 Gateway Road
Calexico, CA 92231



U.S. Immigration
and Customs
Enforcement

November 5, 2024

Qasemi, Azizullah
c/o Imperial Regional Detention Facility
1572 Gateway Drive
Calexico, California 92231

In Reference to: A 244 520 564

Dear Mr. Qasemi:

The decision to release on bond or parole is discretionary. Under Immigration and Customs
Enforcement (ICE) policy, arriving aliens determined by an Asylum Officer to have a credible
fear of persecution or torture are initially considered for parole if the individual has established
his or her identity, and that he or she poses neither a flight risk nor danger to the community.

Upon review of your case, ICE has concluded that you may be released from ICE custody
under parole conditions.

Sincerely,

FERNANDO    Digitally signed by
            FERNANDO VALENZUELA
VALENZUELA  Date: 2024.11.05 14:31:37
            -08'00'

Fernando Valenzuela
Assistant Field Office Director
San Diego Field Office

## ORDER TO DETAIN OR RELEASE ALIEN

**TO:** (NAME and TITLE of Person in Charge of Facility)
Edward Ruiz, Warden

**(Name of Facility)**
Imperial Regional Detention Facility (MTC)
1572 Gateway Rd.
Calexico, CA 92231

| Please ☐ Detain ☒ Release | Date 11/6/2024 | Time 1300 |
| --- | --- | --- |

| **Name of Alien** Qasemi, Azizullah | **File Number** A 244 520 564 |
| --- | --- |

| Age 28 | **Date of Birth** 04/12/1996 | Sex M | **Nationality** Afghanistan | **Foreign Address** N/A |
| --- | --- | --- | --- | --- |

| **Nature of Proceedings** NTA 240 Proceedings | **Signature of Officer Receiving Alien** |
| --- | --- |

**Remarks:**
Release on Parole

| **Signature of Officer Authorizing Action** C. Yoder | **Title** D.O | **Office** SND/ECC |
| --- | --- | --- |

Form I-203

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**Bureau of Immigration and Customs Enforcement**



**DEPARTMENT OF HOMELAND SECURITY**
U.S. Immigration and Customs Enforcement

## RECORD OF DETERMINATION/PAROLE DETERMINATION WORKSHEET

| | |
|---|---|
| Alien's Claimed Name(s) (including AKAs) | Qasemi, Azizullah (Afghanistan) |
| | A#(s) 244 520 564 |
| Detention Facility Name and Location | Imperial Regional Adult Detention Center, Calexico, California |
| Field Office ERO SND | |

This worksheet should be completed pursuant to section 212(d)(5) of the Immigration and Nationality Act (INA) and 8 C.F.R. § 212.5 for each arriving alien in U.S. Immigration and Customs Enforcement (ICE) custody following a determination by a U.S. Citizenship and Immigration Services asylum officer or an Immigration Judge of the Executive Office for Immigration Review that the alien has a "credible fear" of persecution or torture, within the meaning of INA § 235(b)(1)(B)(v) and 8 C.F.R. § 208.30(e)(2)-(3). Such an alien will have been initially processed under the INA's expedited removal provisions and should have a completed Form I-870 (Record of Determination/ Credible Fear Worksheet) in his or her A-file. For those aliens initially denied parole, a letter to that effect must be prepared for the signature by the Office of Detention and Removal Operations (DRO) Field Office Director or, where that authority has been delegated, to the Deputy Field Office Director or Assistant Field Office Director, in whose area of responsibility the alien is detained. The letter should provide a brief explanation of the reasons for denial of parole and notify the alien that he or she may request redetermination of parole based upon changed circumstances or additional evidence relevant to the alien's identity and whether and to what extent the alien poses a danger to the community or a flight risk.

The parole decision includes four determinations. First is an assessment of the alien's identity. Second is whether the alien is likely to appear at all scheduled hearings and enforcement appointments, including for removal upon issuance of a final order of removal. Third is whether the alien presents a security risk to the United States or a danger to the community. Fourth is whether there are any additional factors that may militate in favor of or against release, including, in particular, any exceptional, overriding reasons why an otherwise eligible alien should not be paroled. In completing this worksheet, DRO personnel should consult ICE Policy Directive Number 11002.1, entitled "Parole of Arriving Aliens Found to have a Credible Fear of Persecution or Torture" (effective on January 4, 2010).

This entire worksheet must be completed in every case. Use blank 8" x 11" paper if additional writing space is required. Include copies of all evidence that supports the decision to parole or not parole the alien with this worksheet.

**Part I.  Foreign Language**

- Was a parole interview conducted in a language other than English? ☐ Yes ☒ No
(If "No," proceed to Part II)

- In what language was the interview conducted: __ENGLISH__

- Was an interpreter used? ☐ Yes ☒ No

- Do the interviewing officer, alien, and interpreter (if applicable) understand one another? ☒ Yes ☐ No

Comments: Alien understood parole process.

**Part II.  Determination**

**A. Identity**

- Does the individual have valid, government-issued documentation of identity? ☒ Yes ☐ No

- In the absence of government-issued documentation of identity, are there any third-party affidavits from affiants, who are themselves able to establish their own identity and address, that support the validity of the individual's claimed identity? ☒ Yes ☐ No

- Has the individual otherwise established his or her identity through credible statements such that there are no substantial reasons to doubt the individual's identity as stated by the individual? ☒ Yes ☐ No

- Identify any statements or evidence that relate to the individual's identity and explain why the evidence does or does not satisfy the standard:

   Alien provided government issued passport

ICE Form 71-013 (12/09)

**B. Risk of Flight**

- Does the individual have an address where he or she will reside (including, if applicable, residence provided by a community-based service provider)? ☒ Yes ☐ No

- Does the individual have any substantial ties to the community (e.g., relatives, organizations)? ☐ Yes ☒ No

- Are there any substantial reasons to believe the individual will not appear as required for all scheduled hearings and enforcement appointments? ☐ Yes ☒ No

- If substantial reasons exist to consider the individual a flight risk, is there an alternative to detention (ATD) program available? ☒ Yes ☐ No

- If ATD is unavailable, would imposition of a bond ensure the individual's appearance? ☒ Yes ☐ No

- Has the individual established that he or she does not pose a substantial risk of flight (taking into account such conditions or ATD options as may be applied)? ☒ Yes ☐ No

- Please explain your conclusion: Detainee has provided POC information and has

  been served with a NTA

**C. Danger to the Community**

- Is there any substantial reason to believe that the individual poses an actual danger to the community or U.S. national security? ☒ Yes ☐ No

- Identify any evidence offered that relates to the individual's potential danger to the community or national security (including any mitigating evidence such as proof of rehabilitation) and explain why it does or does not justify continued detention:

  Per I-213, subject attempted to abscond from CBP officers when approaching POE

**D. Additional Factors (Including any Exceptional, Overriding Factors why Parole Should Not Be Granted)**

- Are there any additional factors relevant to whether the alien should be released? ☐ Yes ☒ No

- Please explain:

---

**Part III. Signatures and Approval**

- Initial Preparer's Recommendation                    ☒ Grant Parole        ☐ Deny Parole

Chip B. Yoder, Deportation Officer                    11/05/2024
(Name and Title of Preparing Officer)    (Signature of Preparing Officer)    (Date of Recommendation)

- Please explain your recommendation: Alien has provided complete POC information

NTA issued, government issued passport provided

- Supervising Official's Assessment                    ☑ Grant Parole        ☐ Deny Parole

Concepcion Arredondo, SDDO                    11/05/2024
(Name and Title of Supervising Official)    (Signature of Supervising Official)    (Date of Assessment)

- Please explain your assessment:

- Deciding Official's Conclusion                    ☐ Grant Parole        ☐ Deny Parole

Fernando Valenzuela, AFOD    FERNANDO VALENZUELA  Digitally signed by FERNANDO VALENZUELA  Date: 2024.11.05 14:32:08 -08'00'    11/05/2024
(Name and Title of Deciding Official)    (Signature of Deciding Official)    (Date of Decision)

- Please explain your conclusion:    Parole granted; conditioned on successful enrollment in

  ATD program

Page 2                                    ICE Form 71-013 (12/09)