UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AZIZULLAH QASEMI,

        *Petitioner,*

    v.

LADEON FRANCIS, *et al.*,

        *Respondents.*

Civil Action No. 25-cv-10029 (LJL)

DECLARATION OF DEPORTATION OFFICER
JULIO BRACHO

Pursuant to 28 U.S.C. § 1746, I, JULIO BRACHO declare under penalty of perjury that the following is true and correct:

1. I am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). As a Deportation Officer, I manage the cases of aliens who are in immigration proceedings. Specifically, I monitor individuals for compliance under the Alternatives to Detention ("ATD") Intensive Supervision Appearance Program. In addition, once an alien is ordered removed from the United States, I coordinate within ICE to facilitate their removal to their country of citizenship.

2. I have prepared this declaration in connection with a Petition for a Writ of Habeas Corpus filed by the petitioner, Azizullah Qasemi ("Petitioner"). Petitioner has been assigned the following Alien Number: 244 520 564.  The following representations are based on my review of Petitioner's administrative file, consultation with my colleagues, and ICE electronic records and databases.

3. Petitioner is a native and citizen of Afghanistan.

4.  On May 5, 2024, Petitioner applied for admission to the United States by presenting himself at the San Ysidro Port of Entry in California. Petitioner was processed for expedited removal under Immigration and Nationality Act ("INA") § 235(b)(1) and issued a Notice and Order of Expedited Removal (Form I-860). The Notice and Order of Expedited Removal, dated May 8, 2024, provided that, among other things, that Petitioner was a citizen of Afghanistan that applied for admission on May 5, 2024, and was not in possession of a valid entry document required by the Immigration and Nationality Act. During processing, Petitioner expressed a fear of return to Afghanistan, and so he was to be held for referral to an asylum officer for a credible fear determination.

5.  Pending a credible fear interview, Petitioner was first detained at the San Luis Regional Detention Center, and then on May 15, 2025, he was transferred to Imperial Regional Adult Detention Facility in Calexico, California.

6.  On May 30, 2025, Petitioner received a credible fear interview, and the officer determined that Petitioner established a positive credible fear. As a result, Petitioner's case would be referred to an Immigration Judge for him to pursue an asylum application through removal proceedings.

7.  On May 31, 2024, DHS issued a Notice to Appear ("DHS"), which was personally served on Petitioner on June 3, 2024, charging Petitioner as inadmissible pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), due to inadequate documentation at the time of application for admission. DHS checked the box on the NTA noting that the NTA was being issued after an asylum officer found Petitioner had demonstrated a credible fear. The NTA directed Petitioner to appear for a hearing before an Immigration Judge on June 11, 2024, at the Immigration Court in Calexico, California.  Petitioner remained detained

pursuant to INA § 235(b)(1)(B)(ii), 8 U.S.C. § 1225(b)(1)(B)(ii), pending his removal proceedings.

8.  On June 11, 2024, Petitioner appeared in Immigration Court for an initial master calendar hearing without an attorney. Petitioner was advised of his rights, conceded service of the NTA, and requested time to retain legal representation. The Court granted the request and adjourned the matter until July 9, 2024.

9.  On July 9, 2024, Petitioner appeared in Immigration Court for a master calendar hearing without an attorney and requested additional time to retain legal representation. The Court granted the request and adjourned the matter until July 11, 2024.

10. On July 11, 2024, Petitioner appeared in Immigration Court for a master calendar hearing without an attorney and requested additional time to retain legal representation. The Court granted the request and adjourned the matter until August 1, 2024.

11. On August 1, 2024, Petitioner appeared in Immigration Court for a master calendar hearing without an attorney and requested additional time to retain legal representation. The Court granted the request and adjourned the matter until August 22, 2024.

12. On August 22, 2024, Petitioner appeared in Immigration Court for a master calendar hearing with an attorney and admitted the factual allegations and conceded the charge of removability. The Court adjourned the matter to September 26, 2024 for a master calendar hearing.

13. On September 20, 2024, Petitioner filed an application for relief before the Immigration Court.

14. On September 26, 2024, Petitioner appeared in Immigration Court for a master calendar hearing with an attorney and the attorney requested additional time to prepare. The Court adjourned the matter to October 24, 2024 for a master calendar hearing.

15. On October 24, 2024, Petitioner appeared in Immigration Court for a master calendar hearing with an attorney. The Court adjourned the matter to March 18, 2025 for an individual merits hearing on Petitioner's application for relief.

16. On November 6, 2024, ICE served Petitioner with an Interim Notice Authorizing Parole (the "Interim Notice"), authorizing temporary release on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). The Interim Notice stated that the parole authorization was valid for one year; that ICE may terminate parole on notice prior to the automatic termination date; and that parole is entirely within the discretion of ICE and can be terminated at any time and for any reason. The Interim Notice also stated that the parole is not valid for work authorization and is not an admission in lawful status. Further, this parole was issued after an initial assessment by ICE on whether Petitioner posed a flight risk or danger to the community, and was subject to Petitioner's participation in an electronic monitoring program called ATD monitoring, which includes periodic check-ins and home visits among other conditions.

17. On November 6, 2024, ICE filed a Notice to EOIR[1]: Alien Address, advising the Immigration Court that Petitioner was released from custody and providing Petitioner's address and telephone number upon release from ICE custody.

---

[1] EOIR refers to the Executive Office for Immigration Review.

18. On November 6, 2024, the Immigration Court rescheduled Petitioner's master calendar hearing to  January 15, 2025 on the non-detained docket, noting that any prior hearing should be disregarded.

19. On December 16, 2024, Petitioner violated the conditions of ATD by failing to be at home for a scheduled virtual check-in.

20. On January 7, 2025, Petitioner filed a motion for a change of venue to an Immigration Court in New York, New York and his attorney moved to withdraw, both of which were granted by the Court on January 10, 2025.

21. On January 31, 2025, the Immigration Court issued a hearing notice scheduling Petitioner's case for a master calendar hearing on August 26, 2026, at the Immigration Court at 26 Federal Plaza.

22. On October 27, 2025, the Immigration Court issued a hearing notice scheduling a merits hearing on February 26, 2026.

23. On November 6, 2025, Petitioner's parole automatically expired, as provided in the Interim Notice.

24. On December 2, 2025, ICE's New York Field Office arrested Petitioner at 26 Federal Plaza during a scheduled check-in pursuant to an I-200 Warrant for Arrest of Alien.

25. On the evening of December 3, 2025, Petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey where he remains currently detained.

26. Petitioner's detention pending conclusion of his removal proceedings is authorized by INA § 235(b)(l)(B)(ii), 8 U.S.C. § 1225(b)(1)(B)(ii).

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 10th day of December 2025.

_____

JULIO BRACHO
Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security